Opinion issued March 30, 2006









     










In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01017-CR




MARCUS EUGENE GUY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 944092




MEMORANDUM OPINION
          Appellant, Marcus Eugene Guy, pleaded guilty to manslaughter without an
agreed recommendation for punishment from the State. After reviewing the pre-sentence investigation (“PSI”) report and hearing testimony from several defense
witnesses, the trial court assessed punishment at 20 years in prison. On appeal,
appellant’s appointed counsel filed an Anders


 brief stating that he had not found
arguable points of error to raise on appeal. Appellant filed a pro se response to
counsel’s Anders brief asserting three points of error, which he contends constitute
arguable grounds for appeal. We address whether (1) appellant’s due process rights
were violated under the Texas and United States constitutions, (2) appellant’s counsel
was ineffective, and (3) the evidence is insufficient to support his conviction. We
affirm the judgment and grant appellant’s counsel’s motion to withdraw.
PROCEDURAL FACTS
          On June 7, 2004, appellant pleaded guilty to manslaughter. Appellant signed
a “Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession,”
which stipulated that the acts alleged in the indictment were true. In writing,
appellant waived various rights and represented to the trial court that he was mentally
competent to understand the nature of the charges against him, that he understood and
accepted the plea after consulting with his attorney, that his plea was “freely,
knowingly, and voluntarily” executed, that he read and understood English, and that
he had received effective and competent representation. 
          The trial court accepted the plea and found there was sufficient evidence to
convict appellant, but the court did not take any further action pending the
preparation of a PSI report. On September 15, 2004, after having reviewed the PSI
report and having heard testimony from witnesses for appellant, the trial court found
appellant guilty and assessed punishment at 20 years’ confinement. 
DISCUSSION
          Appellant’s appointed counsel on appeal has filed an Anders brief, stating that
he has found no arguable points of error to raise on appeal and moving to withdraw
as counsel. See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967). The brief
meets the requirements of Anders by presenting a professional evaluation of the
record and detailing why there are no arguable grounds for reversal. Id. 386 U.S. at
744, 87 S. Ct. 1400; see also High v. State, 573 S.W.2d 807, 810 (Tex. Crim. App.
1978). Appellant has filed a pro se brief.
          A court of appeals has two options when an Anders brief and a subsequent pro
se brief are filed. Upon reviewing the entire record, it may determine (1) that the
appeal is wholly frivolous and issue an opinion explaining that it finds no reversible
error or (2) that there are arguable grounds for appeal and remand the cause to the
trial court for appointment of new appellate counsel. Bledsoe v. State, 178 S.W.3d
824, 826-27 (Tex. Crim. App. 2005).
          We have carefully reviewed the entire appellate record. We conclude that there
is no reversible error and that the appeal is wholly frivolous. See id.
          We affirm the judgment and grant counsel’s motion to withdraw.



 
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).